IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| NYDIA DeFRIETAS,<br><br>　　　　Plaintiff,<br><br>v.<br><br>HORIZON INVESTMENT & MANAGEMENT CORP. and JAMES TERRY,<br><br>　　　　Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:06-cv-00926-DB-PMW<br><br><br>District Judge Dee Benson<br><br>Magistrate Judge Paul M. Warner |

　　　　This case was referred to Magistrate Judge Paul M. Warner by District Judge Dee Benson pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court are (1) Nydia DeFrietas's ("Plaintiff") motion for an order to show cause[2] and (2) Horizon Investment & Management Corp. ("Horizon") and James Terry's ("Terry") (collectively, "Defendants") motion for a protective order.[3] Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda. *See* DUCivR 7-1(f).

---

　　[1] *See* docket no. 27.

　　[2] *See* docket no. 25.

　　[3] *See* docket no. 37.

### I. Plaintiff's Motion for Order to Show Cause

On April 4, 2007, Plaintiff served upon Pavilion, Inc. ("Pavilion"), an entity related to Horizon but not a defendant in this case, a subpoena (the "Subpoena") requesting "any and all documents providing the names, addresses, telephone numbers[,] and social security numbers of every person employed by Horizon . . . from June 1, 2003[,] to the present." Plaintiff asserts that Pavilion failed to respond to the Subpoena. Accordingly, Plaintiff's motion seeks an order compelling Pavilion to show cause why it should not be held in contempt for failing to respond to the Subpoena. More specifically, Plaintiff seeks an order compelling Pavilion to respond to the Subpoena and awarding Plaintiff the attorney fees incurred in brining her motion.

In response, Defendants and Pavilion argue that while Pavilion did not directly respond to the Subpoena, Defendants satisfied any obligation of production under the Subpoena by producing certain documents (the "Documents") in response to Plaintiff's requests for production of documents. Defendants and Pavilion also request an award of attorney fees incurred in responding to Plaintiff's motion.

Defendants and Pavilion make several points in support of their argument. Defendants and Pavilion reference an exchange of correspondence between Defendants' counsel and Plaintiff's counsel during March 21 and 22, 2007. On March 21, 2007, Plaintiff's counsel sent a letter to Defendants' counsel that discussed the issue of Terry's control over documents in the possession of Pavilion. In that letter, Plaintiff's counsel stated his belief that the records of Pavilion were in the possession and control of Terry, notwithstanding Terry's representations to the contrary. Plaintiff's counsel also requested that Defendants' counsel ask Terry to provide all

of the documents responsive to Plaintiff's discovery requests. In response, on March 22, 2007, Defendants' counsel sent a letter to Plaintiff's counsel, along with a copy of the Documents. In that letter, Defendants' counsel asserted that the Documents were responsive to Plaintiff's discovery requests and specifically stated that the Documents "list the employees of Pavilion."

Defendants and Pavilion also reference a letter that was sent by Plaintiff's counsel to Defendants' counsel on March 30, 2007. Defendants and Pavilion claim that in that letter, Plaintiff's counsel took the position that Pavilion and Horizon "constituted the same employer of the Plaintiff." Based on that letter, Defendants and Pavilion contend that Plaintiff's counsel "tacitly acknowledged" that Defendants, by providing the Documents to Plaintiff, satisfied Pavilion's obligations under the Subpoena.

Finally, Defendants and Pavilion assert that because the parties agreed to enter mediation in June 2007, "they agreed to discontinue further discovery obligations." In support of this assertion, Defendants and Pavilion reference a letter sent by Defendants' counsel to Plaintiff's counsel on June 20, 2007.

For the following reasons, the court has determined that Defendants and Pavilion's arguments are both misleading and without merit. First, as to the parties' correspondence of March 21 and 22, 2007, Defendants' counsel's letter to Plaintiff's counsel reveals that the Documents are not responsive to the Subpoena. The Subpoena was served on Pavilion and specifically requests information from Pavilion about employees of Horizon. However, Defendants' counsel specifically stated in her letter that the Documents "list the employees of Pavilion." While it is not entirely clear why Plaintiff chose to request information about Pavilion

employees from Horizon and information about Horizon employees from Pavilion, neither Defendants nor Pavilion have objected to the Subpoena on that basis.  Further, given Plaintiff's allegation of a close relationship between Horizon and Pavilion, there appears to be some basis for the seemingly inconsistent nature of Plaintiff's requests.

Second, Defendants and Pavilion have misrepresented Plaintiff's counsel's March 30, 2007 letter and its effect on Pavilion's obligations under the Subpoena.  In the letter, Plaintiff's counsel did not take the position that Pavilion and Horizon were the same employer or entity, but instead took the position that the two entities could each be considered Plaintiff's employers for purposes of liability under her lawsuit.  In addition, as noted by Plaintiff, there was no tacit recognition in the letter that production from Defendants would satisfy the production obligations of Pavilion, or vice versa.  Accordingly, the court has determined that the letter had no effect on Pavilion's obligation under the Subpoena.

Finally, Defendants and Pavilion have misstated the contents of Defendants' counsel's June 20, 2007 letter to Plaintiff's counsel.  In that letter, Defendants' counsel stated that she understood that the parties were "holding off on pursuing some of the discovery deadlines in this matter until" they attempted mediation.  In the court's view, this statement does not indicate that no further discovery was to take place.  Further, the court finds it ironic that Defendants and Pavilion rely upon this letter for the proposition that no further discovery was to take place, yet the letter goes on to discuss the discovery obligations Defendants expected Plaintiff to complete in advance of the mediation.

In sum, it appears that Defendants and Pavilion have unilaterally concluded that Defendants' production of the Documents somehow satisfies the obligations of Pavilion under the Subpoena. The court disagrees. Notwithstanding the allegations made about the close relationship between Defendants and Pavilion, Pavilion is a separate legal entity and has its own obligations under the Subpoena. Accordingly, it was improper for Pavilion to provide no response to the Subpoena and to simply rely upon Defendants' production of the Documents. Without a formal response to the Subpoena from Pavilion indicating that the Documents contain the same information sought by the Subpoena (i.e., that the employee information for Pavilion and Horizon is identical), Pavilion's obligations under the Subpoena could not be satisfied by Defendants' production of the Documents. Even putting that aside, the Documents do not appear to be responsive to the specific request made by the Subpoena because they provide information about Pavilion employees, not Horizon employees.

Given Defendants and Pavilion's position that their production of information about Pavilion employees somehow satisfies the Subpoena's request for information about Horizon employees, Plaintiff has admitted that the information to be produced by Pavilion under the Subpoena may be similar or even identical to the information contained in the Documents. However, even if that scenario is true, it is not relevant to whether Pavilion is obligated to respond to the Subpoena.

For these reasons, Plaintiff's motion is **GRANTED**. Pavilion shall respond to the Subpoena within twenty (20) days of the date of this order, subject to the limitations of the court's ruling on Defendants' motion for a protective order below.

Although the court has granted Plaintiff's motion, it is unwilling to award attorney fees to either party in connection with the motion. The court is not persuaded that such an award is appropriate for either party under these circumstances.

## II. Defendants' Motion for Protective Order

In their motion for a protective order, Defendants seek an order from the court determining that Defendants have already satisfied the requirements of the Subpoena and that they need not provide the Social Security numbers and telephone numbers requested by the Subpoena. Because the court has already concluded that Defendants have not satisfied the requirements of the Subpoena, the court must determine only whether Pavilion must provide the Social Security numbers and telephone numbers requested by the Subpoena.

Defendants argue that the Subpoena's request for the production of telephone numbers is overly broad and unduly burdensome. *See* Fed. R. Civ. P. 26(c). Defendants assert that Pavilion does not maintain employee telephone numbers in their computerized payroll program, even though that program allows for the entry of that information. Defendants further assert that only the individual property managers employed by Pavilion keep current employee telephone numbers and, as a result, obtaining the telephone numbers requested "would be almost impossible." Defendants also argue that production of Social Security numbers constitutes the unnecessary production of confidential and sensitive information.

In response, Plaintiff argues that Defendants' motion for a protective order is untimely because it was not brought within the time limit for production provided by the Subpoena. Plaintiff also disagrees with Defendants' claim that the production of telephone numbers would

6

be overly broad and unduly burdensome.  Plaintiff notes that while Defendants have claimed that Pavilion does not maintain employee telephone numbers in its computerized payroll program, it has admitted that its individual property managers do maintain that information.  Accordingly, Plaintiff argues that Defendants have not supported their claim that producing telephone numbers "would be almost impossible."  Finally, Plaintiff argues that the production of Social Security numbers does not constitute the unnecessary production of confidential and sensitive information.

   The court is not persuaded by Plaintiff's timeliness argument.  As previously discussed, Defendants have taken the position that their production of information about Pavilion employees somehow satisfies the Subpoena's request for information about Horizon employees.  Although the court has already rejected that argument, it shows that Defendants believed they had responded to the Subpoena in a timely manner.  The court views Defendants' motion for a protective order as being brought in response to Plaintiff's motion concerning the Subpoena, not in response to the Subpoena itself.  Accordingly, the court does not agree with Plaintiff that Defendants' motion is untimely.

   As to the production of telephone numbers, the court agrees with Plaintiff that Defendants have not provided adequate support for their conclusory claim that producing telephone numbers "would be almost impossible."  Quite to the contrary, Defendants have admitted that telephone numbers are maintained by Pavilion's individual property managers.  While production of telephone numbers may be inconvenient because of Pavilion's own choice not to maintain that information in its computerized payroll program, the court has determined that said production is

not overly broad or unduly burdensome. Accordingly, Pavilion shall produce telephone numbers in its response to the Subpoena.

Concerning the production of Social Security numbers, the court agrees with Defendants that said production would unnecessarily reveal sensitive and confidential information. While the court recognizes Plaintiff's argument that the information requested by the Subpoena concerns a fluid demographic of people who tend to move regularly, Plaintiff has not persuaded the court that the disclosure of Social Security numbers is necessary to locate those individuals. Although both parties have cited to legal authority in support of their respective arguments, that authority is merely persuasive and is not binding on the court. The court has determined that the need to protect the privacy of the individuals to be identified in Pavilion's response to the Subponea outweighs Plaintiff's asserted need for Social Security numbers. Accordingly, the court concludes that Pavilion need not produce Social Security numbers in its response to the Subpoena.

Based on the foregoing, Defendants' motion for protective order is **GRANTED IN PART** and **DENIED IN PART**. In its response to the Subpoena, Pavilion shall produce telephone numbers but need not produce Social Security numbers.

\* \* \* \* \*

In summary, **IT IS HEREBY ORDERED**:

1. Plaintiff's motion for an order to show cause[4] is **GRANTED**. Pavilion shall respond to the Subpoena within twenty (20) days of the date of this order.

2. Defendants' motion for a protective order[5] is **GRANTED IN PART** and **DENIED IN PART**. In its response to the Subpoena, Pavilion shall produce telephone numbers but need not produce Social Security numbers.

**IT IS SO ORDERED**.

DATED this 14th day of November, 2007.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[4] *See* docket no. 25.

[5] *See* docket no. 37.